OGLETHORPE. The (McKENZIE v.). See Case No. 8,857.
O'GRADY (GEORGIA v.). See Case No. 5,352.

## Case No. 10,463.
### In re O'HALLORAN.
[8 Ben. 128.] [1]
District Court, S. D. New York. June, 1875.

ATTORNEY—JURISDICTION—PRACTICE.

The fact that the attorney for a voluntary bankrupt, who signed the petition as such attorney, had not at that time been admitted to practice in the district court of the United States where the proceedings are pending, is not a ground for dismissing the proceedings, but for an order, on notice to the bankrupt and the alleged attorney, that such alleged attorney will no longer be recognized as attorney in the case.

[In the matter of Dennis W. O'Halloran, a voluntary bankrupt.]

In this case, the attorney for a creditor, who had proved his debt, objected before the register to the proceedings of the bankrupt, on the ground that the attorney for the petitioner, who had signed the petition and other papers as such attorney, was not at the time admitted to practice in the court, of which fact he furnished proof. The register decided that the objection must be made to the court, whereupon the proof was presented to the court.

BLATCHFORD, District Judge. This is no ground for dismissing the proceedings. It is ground for making an order, on notice to the alleged attorney and to the bankrupt, declaring that the alleged attorney will no longer be recognized as attorney.

## Case No. 10,464.
### Ex parte O'HARA.[2]
Circuit Court, District of Columbia. Nov. 28, 1860.

PATENTS—REJECTION OF APPLICATION—RETURN OF FEE—RENEWAL—APPEAL.

[1. Under the act of 1836, c. 357, § 7 (5 Stat. 119,) the applicant for a patent, on notice of its rejection by the commissioner of patents, has an election either to withdraw his application and receive back his $20 or to appeal, and on his withdrawal of the application the commissioner's decision becomes final.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]
[2] [Not previously reported.]